1  STEPHEN M. HAYES (SBN 83583)
   STEPHEN P. ELLINGSON (SBN 136505)
2  HAYES SCOTT BONINO ELLINGSON
   GUSLANI SIMONSON & CLAUSE LLP
3  999 Skyway Road, Suite 310
   San Carlos, CA 94070
4  Telephone: 650.637.9100
   Facsimile: 650.637.8071
5
   Attorneys for Defendant
6  THE HANOVER AMERICAN INSURANCE
   COMPANY
7
8                    UNITED STATE DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  UNDERWATER KINETICS LLP, a          CASE NO.  '19CV1218 H    LL
    California Limited Liability
11  Partnership; ALAN K. UKE, an
    individual,                          **DEFENDANT THE HANOVER
12                                       AMERICAN INSURANCE
                Plaintiffs,              COMPANY'S NOTICE OF REMOVAL
13                                       OF CIVIL ACTION UNDER 28 U.S.C.
          vs.                            SECTIONS 1332 AND 1441a
14                                       [DIVERSITY JURISDICTION];
    THE HANOVER AMERICAN                 DEMAND FOR JURY TRIAL**
15  INSURANCE COMPANY, a New
    Hampshire Corporation; and DOES
16  1 through 20,

17                Defendants.

18

19

20        **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

21        PLEASE TAKE NOTICE that defendant The Hanover American Insurance

22  Company (hereinafter "Hanover") hereby removes to this Court the state action

23  described below:

24        1.    Hanover is a defendant in the civil action commenced on May 31, 2019

25              in the Superior Court of the State of California, County of San Diego,

26              Case No. 37-2019-00028045-CU-IC-CTL, entitled Underwater Kinetics

27              LLP, et al. v. The Hanover American Insurance Company.  A copy of

28              the Complaint is attached hereto as Exhibit "1" and is incorporated as

959781                              -1-

part of this notice.  The Complaint was served on CT Corporation on June 3, 2019.

2.  Hanover filed its answer to the Complaint in state court on June 28, 2019.  A true and correct copy of its answer to plaintiffs' Complaint is attached hereto as Exhibit "2" and is incorporated as part of this notice of removal.

3.  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

4.  The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature of the claims and the amount and type of the damages sought in the Complaint.  Hanover issued a Commercial Package Policy ("the Policy") with Underwater Kinetics, LLP ("UK") as the named insured and Alan K. Uke ("Uke") as an insured by definition.  (Complaint ¶¶ 11 – 15.)  The Policy included coverage for "E-Commerce" claims with a limit of $350,000 per occurrence.  (Complaint ¶¶ 15 – 19.)  The Policy also included business income and "Additional Extra Expense" coverage with a per occurrence limit of $300,000 (Complaint ¶¶ 30 – 32), and Business Personal Property coverage with a $7.1 million limit. (Complaint ¶ 35.)  On or about October 4, 2017, UK experienced a computer attack that locked computer files and severely disrupted its operations.  (Complaint ¶ 37.)  UK experienced another attack on or about November 14, 2017.  (Complaint ¶ 40.)  UK suffered a third attack on or about January 4, 2018.  (Complaint ¶ 51.)  A dispute arose

as to whether the three incidents constituted one or multiple "occurrences" under the Policy, which would implicate whether plaintiffs were required to pay one or multiple deductibles and whether they would be entitled to one or multiple combined policy limits. (Complaint ¶ 61.)  The difference in coverage would be "hundreds of thousands of dollars," well in excess of the minimum amount in controversy requirement.  (Id.)

5.     Plaintiffs also seek general damages, punitive damages and attorney fees.  (Complaint ¶¶ 99, 100 and p. 13:18-23.)  The prayer for attorney fees constitutes an element of their special damages on a theory that plaintiffs incurred these so-called *Brandt* fees to recover unreasonably withheld policy benefits.  (*Brandt v. Superior Court* (1985) 37 Cal.3d 813.)

6.     At the time of the commencement of this action, and at all times since, Hanover has been, and still is, a corporation of the State of New Hampshire, being incorporated under the laws of New Hampshire, and has had and continues to have its principal place of business in Massachusetts.  Plaintiff Uke is an individual who resides in Del Mar, California.  Plaintiff UK is a California Limited Liability Partnership with a principal place of business in San Marcos, California.  (Complaint ¶¶ 2 – 5.)

7.     This action was brought in the State of California.  This corporate defendant is not, at the time of the institution of this action, and is not now, a corporation incorporated under the laws of the State of California, and does not have at the time of the institution of this action, and does not have now, its principal place of business in California.

## DEMAND FOR JURY TRIAL

Hanover hereby demands a trial by jury.

1   Dated:  July 1, 2019

HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE LLP

By

STEPHEN M. HAYES
STEPHEN P. ELLINGSON
Attorneys for Defendant
THE HANOVER AMERICAN INSURANCE
COMPANY

DEF THE HANOVER AMERICAN INSURANCE CO.'S NTC OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. SECTIONS 1332 AND 1441a [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL

# EXHIBIT 1

6/3/19@3Pm

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
THE HANOVER AMERICAN INSURANCE COMPANY, a New
Hampshire Corporation; and DOES 1 through 20

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
UNDERWATER KINETICS LLP, a California Limited
Liability Partnership; ALAN K. UKE, an individual

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

05/31/2019 at 08:52:23 AM
Clerk of the Superior Court
By Iris Tellez, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER |
|---|---|
| (El nombre y dirección de la corte es): SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO 330 West Broadway San Diego CA 92101 | (Número del Caso): 37-2019-00028045-CU-IC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Craig A. Miller, Esq.          Phone: 619-231-9445
MILLER & CALHOON
270 East Douglas Avenue, El Cajon          CA    92101

DATE: 08/03/2012          Clerk, by D. Tellez, Deputy
(Fecha)                   (Secretario)          I. Tellez          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS 010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): THE HANOVER AMERICAN INSURANCE COMPANY, a New Hampshire Corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

CEB
www.ceb.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   CRAIG A. MILLER, ESQ. (SBN: 116030)
    PATRICK A. CALHOON, ESQ. (SBN: 249149)
2   MILLER & CALHOON
    270 East Douglas Avenue
3   El Cajon, CA 92020
    Tel: (619) 231-9449
4   Fax: (619) 231-8638

5   JAMES H. PYLE, ESQ. (SBN: 224121)
    LAW OFFICE OF JAMES H. PYLE
6   5591 Linda Rosa Ave
    La Jolla, California 92037
7   Jimpyle44@gmail.com
    Tel: (858) 243-4217
8   Fax: (858) 459-1329

9
    Attorneys for UNDERWATER KINETICS LLP
10  And ALAN K. UKE

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

05/31/2019 at 08:52:23 AM

Clerk of the Superior Court
By Iris Tellez, Deputy Clerk

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12          FOR THE COUNTY OF SAN DIEGO – HALL OF JUSTICE

13  UNDERWATER KINETICS LLP, a California          Case No. 37-2019-00028045-CU-IC-CTL
    Limited Liability Partnership; ALAN K. UKE, an
14  individual,                                    COMPLAINT FOR:

15          Plaintiffs,                                1) BREACH OF CONTRACT;

16          v.                                         2) BAD FAITH

17  THE HANOVER AMERICAN INSURANCE
    COMPANY, a New Hampshire Corporation; and
18  Does 1 through 20,

19          Defendants.                             DEMAND FOR JURY TRIAL

20

21       Plaintiffs UNDERWATER KINETICS LLP ("UK") and ALAN K. UKE ("UKE", or

22  collectively with UK, "plaintiffs") in their complaint against THE HANOVER AMERICAN

23  INSURANCE COMPANY ("HANOVER") allege as follows:

24                              NATURE OF ACTION

25       1.      This is an coverage insurance action arising from HANOVER's failure and refusal

26  to fully cover three insurance claims tendered by plaintiffs.

27

28

                                        1
                                    COMPLAINT

**PARTIES**

2.     Plaintiff UNDERWATER KINETICS LLP is a California Limited Liability Partnership, with its principal place of business located in San Marcos, California.

3.     Plaintiff ALAN K. UKE is an individual who resides in Del Mar, California.

4.     UKE is the founder, President, and CEO of UK.

5.     Defendant HANOVER AMERICAN INSURANCE COMPANY is a New Hampshire corporation, with its principal place of business located in Worcester, Massachusetts.

6.     The true names and capacities, whether individual, corporate, associate or otherwise, of all the defendants sued herein as Does 1 through 20, inclusive, are unknown to plaintiffs, who therefore sues said defendants by such fictitious names. Plaintiffs will seek leave of court to amend this Complaint to state their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that said defendants are liable to plaintiffs as a result of their participation in all or some of the acts hereinafter set forth.

7.     Plaintiffs are informed and believe and thereon allege that each of the defendants, including the Doe defendants, at all times relevant to this Complaint were the agent, principal, servant, joint venturer, co-conspirator, employer and/or employee of some or all of the remaining defendants, and/or an insurer of plaintiffs, and that in engaging in and performing some or all of the acts alleged in this Complaint, was acting in the course and scope of such relationship with the full consent and permission of each of the other defendants. Plaintiff is informed and believes and thereon alleges that each defendant ratified, approved and adopted as its own some or all of the acts of each of the other defendants, that each of the defendants materially aided in some or all of the violations of the remaining defendants as alleged herein, and that each defendant directly and/or indirectly controlled some or all of the remaining defendants.

**JURISDICTION AND VENUE**

8.     This Court has subject matter jurisdiction over this action as an unlimited civil case, in that it involves issues relating to the construction of an insurance contract under California law, and the amount in controversy is in excess of $25,000 exclusive of interest and costs.

9.     Plaintiffs are informed and believe and thereon allege that this Court has personal

2

COMPLAINT

jurisdiction over defendants inasmuch as defendants, at all times relevant, repeatedly transacted insurance business in the State of California.

10.     Plaintiffs are informed and believe and thereon alleges that venue is proper pursuant to Code of Civil Procedure section 395.5, in that all defendants are either corporations or unincorporated associations, and the insurance contract at issue in this action was entered into in San Diego County and performance under the contract was due in San Diego County.

## FACTUAL BACKGROUND

A.     The HANOVER Policy

11.     HANOVER issued a "Commercial Package Policy," no. ZZ3 9121458 07, to UK for the 08/01/2017 to 08/01/2018 policy period (the "policy").

12.     A true and correct copy of the policy is attached hereto as **Exhibit 1**.

13.     UK is the named insured under the policy.

14.     UKE, as a member of UK, is an insured under the policy.

15.     The policy contains a "GOLD PROPERTY BROADENING ENDORSEMENT" (the "Gold endorsement") which provides coverage for "E-Commerce" claims as defined therein under its "Scheduled Coverages" provisions.

16.     Under the heading "Scheduled Coverages" the policy states in part "Coverages included in this endorsement apply either separately to each described premises or on an 'occurrence' basis. Refer to each coverage within this endorsement for application of coverage."

17.     The E-Commerce section of the Gold endorsement states in part:

> The most we will pay for all loss or damage from both Electronic Vandalism - Direct Damage and Electronic Vandalism - Interruption of Computer Operations in any one "occurrence" is $10,000 or the Limit of Insurance shown in the Amended Limits Section of this Endorsement.

18.     The scheduled limits in the Gold endorsement for E-Commerce coverage are $350,000.

19.     Accordingly, the E-Commerce coverage in the policy provides limits of $350,000 per occurrence.

20. The policy also has a deductible applicable to E-Commerce claims of $10,000 per occurrence.

21. The policy defines "occurrence" as applicable to E-Commerce claims as follows:

"Occurrence" means all loss or damage that is attributable to:

a. An act, event, cause or series of similar, related acts, events or causes involving one or more persons; or

b. An act, event, cause or series of similar, related acts, events or causes not involving any person.

22. The policy's E-Commerce coverage applies to "Electronic Vandalism – Direct Damage" as follows:

We cover direct physical loss or damage to covered "computer equipment" at the described premises caused by "electronic vandalism".

23. The policy defines "computer equipment" as follows:

"Computer equipment" means:

a. "Hardware" owned by you or in your care, custody or control;

b. "Software"; or

c. "Protection and control equipment".

24. The policy defines "electronic vandalism" as follows:

"Electronic vandalism" means "computer hacking", "computer virus" or a "denial of service attack". "Electronic vandalism" does not include the theft of any property or services.

25. The policy defines "computer hacking" in part as follows:

"Computer hacking" means an unauthorized intrusion by an individual or group of individuals, whether employed by you or not, into "hardware" or "software", a Web site, or a computer network and that results in but is not limited to:

a. Deletion, destruction, generation, or modification of "software";

b. Alteration, contamination, corruption, degradation, or destruction of the integrity, quality or performance of "software;

. . .

4

COMPLAINT

26.     The policy defines "computer virus" in part as follows:

> "Computer Virus" means the introduction into "hardware", "software",
> computer network, or Web site of any malicious, self-replicating
> electronic data processing code or other code and that is intended to result
> in, but is not limited to:
>
>     a. Deletion, destruction, generation, or modification of "software";
>
>     b. Alteration, contamination, corruption, degradation, or destruction of
>     the integrity, quality, or performance of "software";
>
>     c. Damage, destruction, inadequacy, malfunction, degradation, or
>     corruption of any "hardware" or "media" used with "hardware";
>
>     . . .

27.     The policy's E-Commerce coverage also applies to  "Electronic Vandalism –
Interruption of Computer Operations" as follows:

> You may extend the insurance that applies to Business Income & Extra
> Expense to apply to a "suspension" of "operations" caused by an
> interruption in computer operations at the described premises due to
> "electronic vandalism" originating anywhere in the world. We will only
> pay for loss of Business Income or Extra Expense that occurs during the
> "period of restoration".

28.     With respect to its E-Commerce coverage, the policy states that "[t]he amount
payable under this Additional Coverage is additional insurance."

29.     The policy further contains "Business Income (and Extra Expense) Coverage"
provided by form CP 00 30 10 12.

30.     In addition, the Gold endorsement add separate "Extra Expense" coverage as
"additional coverage" to form CP 00 10 (the "Additional Extra Expense coverage").

31.     With respect to the Additional Extra Expense coverage, the policy states in part:

> **Extra Expense**
>
> (1) When a Covered Cause of Loss occurs to Covered Property at a
> location described in the declarations, we will pay for the reasonable and
> necessary extra expense you incur to continue as nearly as possible your
> normal business operations following the covered loss or damage.
>
> (2) The most we will pay for loss under this Additional Coverage in any
> one "occurrence" is $300,000 or the Limit of Insurance shown in the
> Amended Limits Section of this Endorsement.

5

COMPLAINT

> (3) The amount payable under this Additional Coverage is additional insurance.
>
> (4) No deductible applies to this coverage.

32.     The applicable limit for the Additional Extra Expense coverage is $300,000.

33.     The Gold endorsement also adds coverage for "prototypes" to form CP 00 10, stating in part:

> **Prototypes**
>
> (1) You may extend the insurance that applies to your Business Personal Property to apply to direct physical loss or damage, caused by a Covered Cause of Loss, to "prototypes" related to your "research and development operations" that:
>
> > (a) You own; or
> >
> > (b) Are owned by others and in your care, custody or control;
>
> while at a described premises.
>
> (2) We will not pay for loss or damage to "prototypes" until you actually replicate such property. Repairs or replication must be made as soon as reasonably possible after the loss or damage, but in no event later than two years after the loss or damage unless we grant an extension in writing prior to the expiration of the two year period.
>
> (3) Payment under this Extension is included within your Business Personal Property Limit of Insurance.

34.     The policy defines "prototype" as follows:

> "Prototype" means an original version of a newly designed product that is an outcome of your "research and development operations". A "prototype" includes sample designs, experimental models or displays that are associated with or integral to the manufacture of the original version of a newly designed product.

35.     The policy's Business Personal Property limit is $7,100,000.

36.     The policy expressly contemplates providing benefits pursuant to two or more coverages simultaneously, stating in part "[i]f two or more of this policy's coverages apply to the same loss or damage, we will not pay more than the actual amount of the loss or damage."

**B.      HANOVER's Improper Conduct in Combining Claims**

37.      On or about October 4, 2017, UK was hit by a computer attack that locked computer files, severely disrupting its operations.

38.      UK tendered the claim to HANOVER, which acknowledged the claim by letter dated October 12, 2017, assigning claim no. 19-00068035.

39.      A true and correct copy of HANOVER's October 12, 2017 letter is attached hereto as **Exhibit 2.**

40.      On or about November 14, 2017, UK experienced another computer attack which again severely disrupted its operations.

41.      UK provided HANOVER with notice of the claim.

42.      HANOVER acknowledged the claim by letter dated November 16, 2017, stating in part:

> Each incident of loss would be a separate claim with applicable deductible. As discussed the Ecommerce coverage of policy had policy period limit so if it is determined their [*sic*] are separate losses the one policy period limit would apply for all events in the policy period.

43.      HANOVER's November statement misrepresented the application of the E-Commerce policy limits, which apply per occurrence, not per policy period as falsely represented in the letter.

44.      Upon information and belief, this misrepresentation was intentional and calculated to deprive plaintiffs of policy benefits.

45.      A true and correct copy of HANOVER's November 16, 2017 letter is attached hereto as **Exhibit 3.**

46.      HANOVER followed up by letter dated December 18, 2017, stating in part:

> This is a follow up to our previous correspondence. It has been determined that you have sustained multiple occurrences of loss. You have two claims established[,] claim 19-00068035 and 19-00096362. A $10,000 deductible applies to each loss. There is one limit of ecommerce coverage applied to policy period of $350,000.

47.   A true and correct copy of HANOVER's December 18, 2017 letter is attached hereto as **Exhibit 4**.

48.   Upon information and belief, HANOVER determined that the two losses were separate claims without forensic determination of the cause of either claim.

49.   Upon information and belief, HANOVER asserted that the two claims were separate so that it could apply two separate deductibles to the claims in an effort to reduce the amount it would have to pay.

50.   UK suffered a third hacking incident on or about January 4, 2018, and provided notice to HANOVER.

51.   Upon information and belief, the third incident was the result of a "brute force" attack, unlike the prior two incidents.

52.   HANOVER considered the third incident a separate claim, and assigned claim no. 19-00127632.

53.   UKE believed that the first two hacking incidents may have been related, and informed HANOVER by email dated November 22, 2017.

54.   A true and correct copy of UKE's November 22, 2017 email is attached hereto as Exhibit 5.

55.   HANOVER did not promptly combine the two claims into a single claim.

56.   In February of 2018, after UK informed HANOVER that the policy applies a separate limit $350,000 E-Commerce limit to each occurrence, HANOVER changed position with respect to the application of its E-Commerce limits, and conceded to Marsh & McLennan Insurance Agency LLC ("Marsh") that a separate $350,000 limit applied to each claim.

57.   Marsh is HANOVER's agent.

58.   At all relevant times, Marsh had a company appointment from HANOVER to act as a Property Broker-Agent on file with the California Department of Insurance.

59.   Marsh communicated the change in HANOVER's position to UK by email dated February 26, 2018.

60.     A true and correct copy of Marsh's February 26, 2018 email is attached hereto as **Exhibit 6.**

61.     Once it became clear that UK's losses from the three incidents would exceed a single $350,000 limit, and treatment of each incident as a single claim subject to its own deductible would result in HANOVER paying hundreds of thousands of dollars more in policy benefits to UK than if it combined the claims into a single claim, HANOVER suddenly reversed position and combined all three claims into a single claim.

62.     HANOVER communicated the change in position to UK by email dated April 26, 2018, stating in part:

> This is to serve as an update on your e-commerce claim. We have reviewed the relating of occurrences with our consultant Loss Solutions Group and your repair vendor Ice Security. It has been determined that the hacking events are related and therefore will be addressed as one occurrence and one claim with a single damage deductible of $10,000 and one 24 hour waiting period associated with the income loss.

63.     A true and correct copy of HANOVER's April 26, 2018 email is attached hereto as **Exhibit 7.**

64.     HANOVER's April 26, 2018 correspondence provided no explanation as to the specific characteristics of the occurrences that prompted its decision to combine them into a single claim.

65.     Upon information and belief, HANOVER failed to undertake forensic analysis to determine the root cause of any of the occurrences prior to combining them.

66.     Upon information and belief, HANOVER failed to determine if the same person or persons were responsible for all three occurrences before combining them.

67.     Upon information and belief, HANOVER's combining of the three claims into a single claim was motivated solely by its desire to limit its payment of policy benefits due to UK.

68.     Upon information and belief, HANOVER improperly combined UK's three claims into a single claim.

**C.     HANOVER's Failure to Provide Benefits Due Under Other Coverages**

69.     In addition to triggering the policy's E-Commerce coverage, UK's claims triggered the policy's Additional Extra Expense coverage.

70.     The policy's Additional Extra Expense coverage provides an additional $300,000 of coverage per occurrence.

71.     HANOVER failed to provide UK benefits due under the Additional Extra Expense coverage.

72.     UK's claims also triggered the policy's coverage for Prototypes, in that UK's losses included losses pertaining to newly developed products, including drawings relating to production molds to manufacture the new products.

73.     HANOVER failed to provide UK benefits due under its coverage for Prototypes.

**D.     HANOVER's Misconduct Caused Significant Harm**

74.     UK is a small business, and UKE has invested significant time, effort, energy and money in its development.

75.     Shortly after the October and November 2017 hacking events, UKE sent his November 22, 2017 email (Exhibit 4) to HANOVER informing it of the severe impact the interruption of UK's business was having, underscoring the need for prompt payment, stating in part "[w]e desperately need the claim paid, as we have low shipments last month, hence have little receipts. We are in danger of the bank which has our building loan starting foreclosure proceedings, and we don't know how we will cover payroll next week."

76.     HANOVER's failure to timely cover the claim in full had a cascading effect.

77.     The hacking events impacted UK's ability to ship products, causing a cash flow problem.

78.     Without the prompt payment of full policy benefits, HANOVER amplified the cash flow problem from the hacking events, causing a further delay in shipment due to the inability to pay suppliers to obtain the materials needed to ship products.

79.   As a direct result of HANOVER's misconduct, income and cash flow dropped off, causing UK's bank to place its line of credit in default, significantly raising the interest rate.

80.   As a direct result of HANOVER's misconduct, UK's lender sued UKE on his personal guarantee of the loan.

81.   In order to keep the business afloat, UK and UKE had to take extraordinary measures.

82.   UK had to refinance its building at a much less favorable rate and pay a substantial pre-payment penalty.

83.   UKE was forced to sell his home, causing him to incur commissions and lose a favorable loan.

84.   The delay in shipments further caused UK to lose customers and orders.

85.   HANOVER's misconduct caused severe hardship for the company and its principals, substantial monetary damages and long-term harm to the company, and caused severe emotional distress.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

#### Breach of Contract

#### (By UK against Defendant)

86.   Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though set forth at length herein.

87.   HANOVER promised to provide coverage in accordance with the terms and conditions of the policy.

88.   UK has suffered three claims falling within the scope of coverage of the policy.

89.   Plaintiffs have fully performed all terms and conditions on their part to be performed, entitling it to full coverage of its claims from HANOVER under the policy.

90.   However, despite repeated demand, HANOVER has failed and refused to provide full coverage for the claims by, at a minimum, (a) improperly combining all three claims into a

11
COMPLAINT

single claim and applying a single limit; (b) failing to provide the Additional Extra Expense coverage limits; and (c) failing to provide the additional coverage due for Prototypes; all of which are in breach of the terms and conditions of the policy.

91.    As a legal result of HANOVER's breach, UK has suffered, and continues to suffer, substantial damages in an amount to be proven at trial.

<u>SECOND CAUSE OF ACTION</u>

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

**(By All Plaintiffs Against Defendant)**

92.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though set forth at length herein.

93.    Plaintiffs have fulfilled all obligations and conditions on their part to be performed under the terms of the policy.

94.    Implied in the policy by operation of law is a covenant of good faith and fair dealing which requires the insurer to act as a fiduciary, and to consider the interests of its insureds as being at least equal to its own.

95.    The implied covenant of good faith and fair dealing requires, *inter alia*, that insurers:  (1) conduct a fair, impartial, complete and thorough investigation of all claims; (2) review and consider all potential bases for coverage; (3) disclose to their insureds all benefits or bases for coverage that might apply to the loss; (4) treat the interests of their insureds as equal to their own; (5) promptly respond to communications from insureds and promptly pay amounts due and owning under the policies; and (6) fully comply with the requirements of the California Insurance Code, the Fair Claims Settlement Practices regulations, and all other requirements of California statutory and case law.

96.    The implied covenant of good faith and fair dealing continues even after coverage litigation commences. *White v. Western Title Ins. Co.*, 40 Cal. 3d 870, 885-886 (1985).

97.    HANOVER has breached the implied covenant of good faith and fair dealing, at a minimum:  (a) By intentionally misrepresenting the application of its E-Commerce policy limits in order to improperly limit coverage; (b) By improperly combining all three claims into a

12
COMPLAINT

1    single claim without a reasonable basis, solely to limit its payment of policy benefits; (c) By

2    failing and refusing to inform its insureds of all policy benefits due;  (d)  By failing to adequately

3    investigate its insured's claims and their causes; (e) By failing to consider coverage and/or

4    provide benefits under its Additional Extra Expense and Prototype coverages; and (f) By failing

5    to promptly pay all policy benefits due and owing.

6        98.    Plaintiffs are informed and believe that HANOVER has breached the implied

7    covenant of good faith and fair dealing through other wrongful conduct not yet fully ascertained,

8    according to proof at trial.

9        99.    As a legal result of the foregoing wrongful conduct of HANOVER, plaintiffs have

10   suffered general, special, and consequential damages, plus interest and attorney's fees pursuant to

11   *Brandt v. Superior Court*, 37 Cal.3d 813 (1985), in an amount to be proven at trial.

12       100.   HANOVER committed the foregoing wrongful conduct with the intent to deceive

13   and defraud its insureds at a time when they were most vulnerable and in need of the superior

14   resources of their insurer, and therefore punitive damages are appropriate in an amount sufficient

15   to punish and make an example of HANOVER to prevent it from engaging in such deceitful

16   conduct in the future.

## PRAYER

18   1.   For general, special, consequential and incidental damages in an amount according to

19   proof;

20   2.   For prejudgment interest at the legal rate;

21   3.   For reasonable attorney's fees incurred to recover policy benefits;

22   4.   For punitive damages; and

23   5.   For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: May 30, 2019        MILLER & CALHOON

By: _____
    Craig A. Miller

13
**COMPLAINT**

# EXHIBIT 2

1 | STEPHEN M. HAYES (SBN 83583)
STEPHEN P. ELLINGSON (SBN 136505)
2 | HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE LLP
3 | 999 Skyway Road, Suite 310
San Carlos, CA 94070
4 | Telephone: 650.637.9100
Facsimile: 650.637.8071
5
Attorneys for Defendant
6 | THE HANOVER AMERICAN INSURANCE COMPANY

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN DIEGO

10 | UNDERWATER KINETICS LLP, a          CASE NO. 37-2019-00028045-CU-IC-CTL
California Limited Liability Partnership;
11 | ALAN K. UKE, an individual,

12 |                 Plaintiffs,          **DEFENDANT THE HANOVER AMERICAN INSURANCE COMPANY'S ANSWER TO COMPLAINT**
13 |         vs.

14 | THE HANOVER AMERICAN
INSURANCE COMPANY, a New
15 | Hampshire Corporation; and DOES 1
through 20,
16
|                 Defendants.
17

18

19 |         Defendant The Hanover American Insurance Company, in answer to the unverified

20 | Complaint of plaintiffs herein, herewith denies each and every, all and singular, the allegations of

21 | said unverified Complaint, and in this connection this answering defendant denies that plaintiffs

22 | have been injured or damaged in any of the sums mentioned in said unverified Complaint, or in any

23 | sum, or at all as the result of any act or omission of this answering defendant.

24 |         AS A FIRST, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

25 | TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

26 | alleges that said Complaint fails to state facts sufficient to constitute a case of action against this

27 | answering defendant.

28

964324                          -1-

1    AS A SECOND, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

2  TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

3  alleges that plaintiffs have waived and are estopped and barred from alleging the matters set forth in

4  the Complaint, including but not limited to application of the doctrine of judicial estoppel.

5    AS A THIRD, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

6  TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

7  alleges that at all times and places mentioned in the Complaint herein, plaintiffs failed to mitigate

8  the amount of their damages.  The damages claimed by plaintiffs could have been mitigated by due

9  diligence on their part or by one acting under similar circumstances.  The plaintiffs' failure to

10  mitigate is a bar to their recovery under the Complaint.

11    AS A FOURTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

12  TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

13  alleges that the injuries allegedly sustained by plaintiffs was either wholly or in part caused by

14  plaintiffs or persons, firms, corporations or entities other than this answering defendant, some or all

15  of whose acts or omissions are imputed to plaintiffs as a matter of law.

16    AS AN FIFTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

17  TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

18  alleges that at all times and places mentioned in the Complaint herein, plaintiffs failed to perform

19  certain conditions precedent that were imposed upon the plaintiffs by contract.  The non-

20  performance of said conditions excused defendant's obligations under the contract.

21    AS A SIXTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

22  TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

23  alleges that plaintiffs cannot assert any contractual claims set forth in the Complaint because

24  plaintiffs prevented performance of said contract.

25    AS A SEVENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

26  AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

27  defendant alleges that plaintiffs cannot assert any contractual claims set forth in the Complaint

28  because plaintiffs materially breached said contract.

1   AS AN EIGHTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

2   AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

3   defendant alleges the insurance policy or policies at issue in the Complaint afforded no coverage or

4   limited coverage, or coverage was barred by one or more exclusions in said policy or policies.

5   AS A NINTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

6   TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

7   alleges that plaintiffs' Complaint, to the extent that it seeks exemplary or punitive damages pursuant

8   to §3294 of the Civil Code, violates defendant's right to procedural due process under the

9   Fourteenth Amendment of the United States Constitution, and the Constitution of the State of

10  California, and therefore fails to state a cause of action upon which either punitive or exemplary

11  damages can be awarded.

12  AS AN ELEVENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

13  AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

14  defendant alleges that plaintiffs' Complaint, to the extent that it seeks punitive or exemplary

15  damages pursuant to §3294 of the Civil Code, violates defendant's rights to protection from

16  "excessive fines" as provided in the Eighth Amendment of the United States Constitution and

17  Article I, Section 17, of the Constitution of the State of California, and violates defendant's rights to

18  substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

19  Constitution and the Constitution of the State of California, and therefore fails to state a cause of

20  action supporting the punitive or exemplary damages claimed.

21  AS A TWELFTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

22  AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

23  defendant alleges that the alleged causes of action set forth in the Complaint are, and each of them

24  is, time-barred by applicable insurance policy or the statute of limitations set forth in the applicable

25  provisions of Code of Civil Procedure sections 335 et seq., including but not limited to sections 337

26  and 339.

27  WHEREFORE, this answering defendant prays for judgment as follows:

28        1.    That plaintiffs take nothing by their complaint;

1    2.    For costs of suit incurred herein; and

2    3.    For such other and further relief as the Court deems proper.

3    Dated:  June 28, 2019                      HAYES SCOTT BONINO ELLINGSON
                                               GUSLANI SIMONSON & CLAUSE LLP
4

5                                         By_____
6                                               STEPHEN M. HAYES
7                                               STEPHEN P. ELLINGSON
                                               Attorneys for Defendant
8                                               THE HANOVER AMERICAN INSURANCE
                                               COMPANY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

964324                              -4-

**CASE NAME:**     **Underwater Kinetics LLP, et al. v. The Hanover American Ins. Co.**
**CASE NO.:**       **37-2019-00028045-CU-IC-CTL**

### PROOF OF SERVICE

I am a citizen of the United States. My business address is 999 Skyway Road, Suite 310, San Carlos, California 94070. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

### DEFENDANT THE HANOVER AMERICAN INSURANCE COMPANY'S
### ANSWER TO COMPLAINT

☐     (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒     (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

☐     (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐     (BY EMAIL) by transmitting via email the document(s) listed above to the corresponding email address(es), or as stated on the attached service list, on this date before 5:00 p.m.

Craig A. Miller, Esq.
Patrick A. Calhoon, Esq.
MILLER & CALHOON
270 East Douglas Ave.
El Cajon, CA 92020
Telephone: (619) 231-9449
Facsimile: (619() 231-8638

**Attorneys for Plaintiffs**
**UNDERWATER KINETICS LLP and**
**ALAN K. UKE**

James H. Pyle, Esq.
LAW OFFICE OF JAMES H. PYLE
5592 Linda Rosa Ave.
La Jolla, CA 92037
Telephone: (858) 243-4217
Facsimile: (858) 459-1329

**Attorneys for Plaintiffs**
**UNDERWATER KINETICS LLP**
**and ALAN K. UKE**

☒     *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 28, 2019 at San Carlos, California.

Abigail Calderon

-1-

1   **CASE NAME:**    **Underwater Kinetics LLP, et al. v. The Hanover American Ins. Co.**
    **CASE NO.:**

2

3                                    **PROOF OF SERVICE**

        I am a citizen of the United States. My business address is 999 Skyway Road, Suite 310, San
4   Carlos, California 94070. I am employed in the County of San Mateo where this service occurs. I
    am over the age of 18 years, and not a party to the within cause. I am readily familiar with my
5   employer's normal business practice for collection and processing of correspondence for mailing
    with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S.
6   Postal Service the same day as the day of collection in the ordinary course of business.

7       On the date set forth below, following ordinary business practice, I served a true copy of the
    foregoing document(s) described as:

8
    **DEFENDANT THE HANOVER AMERICAN INSURANCE COMPANY'S NOTICE OF**
9      **REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441a**
            **[DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**
10

11   ☐   (BY FAX) by transmitting via facsimile the document(s) listed above to the fax
         number(s) set forth below, or as stated on the attached service list, on this date
12       before 5:00 p.m.

13   ☒   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
         placed in the United States mail at Redwood City, California.

14   ☐   (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an
         overnight delivery carrier with delivery fees provided for, addressed to the
15       person(s) on whom it is to be served.

16   ☐   (BY EMAIL) by transmitting via email the document(s) listed above to the
         corresponding email address(es), or as stated on the attached service list, on this
         date before 5:00 p.m.
17

18   Craig A. Miller, Esq.                    James H. Pyle, Esq.
     Patrick A. Calhoon, Esq.                 LAW OFFICE OF JAMES H. PYLE
19   MILLER & CALHOON                         5592 Linda Rosa Ave.
     270 East Douglas Ave.                    La Jolla, CA 92037
     El Cajon, CA 92020                       Telephone: (858) 243-4217
20   Telephone: (619) 231-9449                Facsimile: (858) 459-1329
     Facsimile: (619(0 231-8638
21
     **Attorneys for Plaintiffs**            **Attorneys for Plaintiffs**
22   **UNDERWATER KINETICS LLP and**         **UNDERWATER KINETICS LLP**
     **ALAN K. UKE**                          **and ALAN K. UKE**
23

24

25   ☒   *(Federal)* I declare under penalty of perjury under the laws of the State of
         California that the above is true and correct.
26

27      Executed on July 1, 2019 at San Carlos, California.

28                                                    _Abigail Calderon_

                                          -1-
                                  **PROOF OF SERVICE**