STEPHEN M. HAYES (SBN 83583)
STEPHEN P. ELLINGSON (SBN 136505)
TYLER R. AUSTIN (SBN293977)
HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE LLP
999 Skyway Road, Suite 310
San Carlos, California 94070
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
THE HANOVER AMERICAN INSURANCE COMPANY

JAMES H. PYLE, ESQ. (SBN 224121)
LAW OFFICE OF JAMES H. PYLE
5591 Linda Rosa Ave.
La Jolla, California 92037
Jimpyle44@gmail.com
Telephone: (858) 243-4217
Facsimile: (858) 459-1329

CRAIG A. MILLER, ESQ. (116030)
PATRICK A. CALHOON, ESQ. (249149)
MILLER & CALHOON
270 E. Douglas Ave
El Cajon, CA 92020
Tel:  (619) 231-9449
Fax:  (619) 231 -8168

Attorneys for Plaintiffs
UNDERWATER KINETICS, LLP and
ALAN K. UKE

UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNDERWATER KINETICS LLP, a California Limited Liability Partnership; ALAN K. UKE, an individual,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>THE HANOVER AMERICAN INSURANCE COMPANY, a New Hampshire Corporation; and DOES 1 through 20,<br><br>　　　　　Defendants. | CASE NO. 3:19-CV-01218-H-LL<br><br>**STIPULATED PROTECTIVE ORDER** |

1042608

**STIPULATED PROTECTIVE ORDER – CASE NO.: 3:19-CV-01218-H-LL**

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other

attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Miller & Calhoon and Law Office of James H. Pyle, counsel for plaintiffs, and Hayes Scott Bonino Ellingson Guslani Simonson & Clause, LLP, counsel for defendant, The Hanover American Insurance Company. "Counsel" also includes all in-house attorneys for plaintiffs and defendant.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."  Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, such information constitutes a trade secret or other confidential research, development, or commercial information, such that the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

5. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a.    the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL"

b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 7 below; and

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6. All confidential information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

7. Information designated "confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

a) Independent experts who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

b) Executives who are required to participate in policy decisions with reference to this action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      c)    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

      d)    Stenographic and clerical employees associated with the individuals identified above, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8.    With respect to material designated "CONFIDENTIAL" any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

9.    Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.  The initial application to file under seal must be made by the party seeking to file material that has been designated as confidential, but the burden is on the party designating the confidential materials to make the requisite showing of good cause, and if the Court rejects the showing, the party seeking to file may file the document on the public docket.

10.    At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the designating

party, until the Court has ruled on the objection or the matter has been otherwise resolved.

11. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

12. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

13. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" - SUBJECT TO PROTECTIVE ORDER.

14. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

15. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

16. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

17. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

18. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all

such retained information.

19. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

20. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

21. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

22. This Order may be modified by agreement of the parties, subject to approval by the Court.

23. The Court may modify the protective order in the interests of justice or for public policy reasons, or for good cause shown. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

24. Filing Under Seal. No document shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceedings will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civil Local Rule 79.2, Section 2.j of the Electronic Case Filing Administrative Policies and Procedures, and the chambers rules, with respect to filing documents under seal. A sealing order may issue only

1  upon a request that establishes that the document, or portions thereof, is privileged or
2  otherwise subject to protection under the law. The request must be narrowly tailored
3  to seek sealing only of sensitive personal or confidential information. An unredacted
4  version of the document, identifying the portions subject to the motion to seal, must
5  be lodged with the motion to seal. A redacted version of the document must be
6  publicly filed simultaneously with the motion or ex parte application to file under
7  seal.

   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 14, 2019         HAYES SCOTT BONINO ELLINGSON
                               GUSLANI SIMONSON & CLAUSE LLP


                               By       */s/ Tyler R. Austin*
                                   STEPHEN M. HAYES
                                   STEPHEN P. ELLINGSON
                                   TYLER R. AUSTIN
                                   Attorneys for Defendant
                                   THE HANOVER AMERICAN INSURANCE
                                   COMPANY


Dated: August 14, 2019         LAW OFFICE OF JAMES H. PYLE


                               By       */s/ James H. Pyle*
                                   JAMES H. PYLE
                                   Attorneys for Plaintiffs
                                   UNDERWATER KINETICS, LLP and ALAN
                                   K. UKE

Dated: August 14, 2019          MILLER & CALHOON

                                By  */s/ Craig A. Miller*
                                    CRAIG A. MILLER
                                    Attorneys for Plaintiffs
                                    UNDERWATER KINETICS, LLP and ALAN K. UKE

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____    _____
                                United States District/Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on _____ [date] in the case of *Underwater Kinetics, LLP, et al. v. The Hanover American Insurance Company*, Case No. 3:19-CV-01218-H-LL.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____